UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

JOCELYNE CASIMIR,

    Plaintiff,

v.

NORTHSTAR LOCATION SERVICES, LLC,

    Defendant.
_____/

## DEFENDANT NORTHSTAR LOCATION SERVICES, LLC'S NOTICE OF REMOVAL

As provided by 42 U.S.C. §1441 *et seq.,* Defendant, NORTHSTAR LOCATION SERVICES, LLC ("Defendant") hereby files this Notice of Removal of the above-styled action from the County Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, where the action is now pending under Case Number COCE21-038884, to the United States District Court for the Southern District of Florida. In connection with this Notice of Removal, Defendant states:

    1.    The above-styled action was commenced by Plaintiff, JOCELYNE CASIMIR ("Plaintiff"), in the County Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, by the filing of a Complaint on July 9, 2021. Defendant was served with a copy of the Complaint and the Summons on July 14, 2021. The Complaint is attached hereto as Exhibit A.

    2.    Defendant did not receive a copy of the Complaint prior to July 14, 2021.

    3.    The action, which is of a civil nature, involves claims by Plaintiff against Defendant for alleged violations of the federal Fair Debt Collections Practices Act ("FDCPA"), under Count 1 of the Complaint, and the Florida Consumer Collection Practices Act ("FCCPA"), under Count

2 of the Complaint, in connection with certain alleged collections activity.

4. The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1441(a), since Plaintiff is alleging violations of a federal statute – the FDCPA, which is codified at 15 U.S.C. §1692 *et seq.*

5. As noted above, Defendant did not receive a copy of the Complaint prior to service on July 14, 2021. Thus, this Notice of Removal is timely, since 28 U.S.C. 1446(b) grants parties thirty (30) days to remove an action to Federal Court "after receipt . . . of a copy of the initial pleading . . . or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter." *See* 28 U.S.C. 1446(b).

6. To date, Defendant has received the Complaint, a copy of which is attached as Exhibit A.

7. Given that the above-styled state court action is pending in the County Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, this case is removable to the United States District Court for the Southern District of Florida. *See* 28 U.S.C. § 1441(a).

8. Defendant will give written notice of the filing of this Notice of Removal, as required by 28 U.S.C. §1446(d).

## MEMORANDUM OF LAW

**A.    The United States District Court Has Jurisdiction Over this Matter**

A state court action may be removed to a United States District Court where "the district courts of the United States have original jurisdiction[.]" 28 U.S.C. §1441(a).  In the instant case, original jurisdiction is available under 28 U.S.C. §1331, which provides, "The district courts shall

have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

This civil action purports to arise under federal law, since, in Count 1 of the Complaint, Plaintiff alleges that Defendant violated the federal FDCPA. The Court should take pendant jurisdiction of the claims in Count 2, under the FCCPA, since they arise from alleged facts that are substantially similar to those allegedly giving rise to Plaintiff's federal claim.

**B.     Defendant Northstar Has Complied With the Procedure for Removal**

The procedure governing removal of actions first filed in state court is governed by 28 U.S.C. §1446.  Section 1446 provides that any defendant desiring to remove a civil action from state court must file a notice of removal which contains:

> a short plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant in such action.

*See* 28 U.S.C. §1446.  Furthermore, any notice of removal must be filed within thirty (30) days after receipt of the initial pleading.  *See* 28 U.S.C. §1446.

Paragraphs 1 through 8 above set forth the grounds on which removal is sought, specifically citing the federal statutes upon which original jurisdiction is premised (under 28 U.S.C. § 1331) and the factual support for that jurisdiction. Accordingly, Defendant has complied with the terms of 28 U.S.C. §1446 which dictate that a short plain statement of the grounds for removal accompany any notice of removal.  In addition, this notice has annexed to it all process, pleadings and other papers that have been served on Defendant in compliance with 28 U.S.C. §1446.

**C.     Conclusion**

Defendant has complied with the procedural requirements of 28 U.S.C. §1446, the Federal Rules of Civil Procedure, and the Local Rules of the Southern District of Florida which govern

removal from state court, and this Court has original jurisdiction over this matter. Accordingly, Defendant respectfully requests that the United States District Court for the Southern District of Florida take jurisdiction over this action.

WHEREFORE, Defendant, NORTHSTAR LOCATION SERVICES, LLC, hereby gives notice that the state court action pending in the County Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, under Case No. COCE21-038884 is removed to the United States District Court for the Southern District of Florida.

Respectfully submitted this 3rd day of August, 2021.

      *s/ Jose I. Leon*
Jose I. Leon, FBN 958212
JLeon@grsm.com
GORDON & REES SCULLY MANSUKHANI
100 SE Second Street, Suite 3900
Miami, FL 33131
MIA_Eservice@gordonrees.com
Tel: 305-428-5330
*Counsel for Defendant Northstar Location Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 3, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve a true and correct copy of the foregoing on all counsel or parties of record on the Service List below.

*s/ Jose I. Leon*
Jose I. Leon, Esq.

**SERVICE LIST**

Jibrael S. Hindi, Esq.
Thomas J. Patti, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
jibrael@jibraellaw.com
tom@jibraellaw.com